IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ANTHONY FRANCHI, Individually and On Behalf of All Others Similarly Situated, | ) ) ) Case No. _____ |
| Plaintiff, | ) ) JURY TRIAL DEMANDED |
| v. | ) ) CLASS ACTION |
| PARAGON COMMERCIAL CORPORATION, PARAGON COMMERCIAL BANK, HOWARD JUNG, ROBERT C. HATLEY, CURTIS C. BREWER, III, K. WESLEY M. JONES, THOMAS B. OXHOLM, ROY L. HARMON, F. ALTON RUSSELL, TOWNEBANK, and TB ACQUISITION, LLC, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on April 27, 2017 (the "Proposed Transaction") pursuant to which Paragon Commercial Corporation ("Paragon" or the "Company") will be acquired by TowneBank ("Parent") and its wholly-owned subsidiary, TB Acquisition, LLC ("Merger Sub," and together with Parent, "Towne").

2. On April 26, 2017, the Board caused Paragon to enter into an agreement and plan of merger (the "Merger Agreement") with Towne and Paragon Commercial Bank ("Paragon Bank"). Pursuant to the terms of the Merger Agreement, shareholders of Paragon will receive

1.7250 shares of Towne common stock for each share of Paragon common stock.

3. On October 26, 2017, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction. The Proxy Statement scheduled a stockholder vote on the Proposed Transaction for January 10, 2018.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Paragon common stock.

9. Defendant Paragon is a North Carolina business corporation and maintains its

principal executive offices at 3535 Glenwood Avenue, Raleigh, North Carolina 27612. The Company is a bank holding company for the Bank. Paragon's common stock is traded on the NasdaqCM under the ticker symbol "PBNC."

10. Defendant Howard Jung ("Jung") is a director of the Company.

11. Defendant Robert C. Hatley ("Hatley") is a director of the Company.

12. Defendant Curtis C. Brewer, III ("Brewer") is a director of the Company.

13. Defendant K. Wesley M. Jones ("Jones") is a director of the Company.

14. Defendant Thomas B. Oxholm ("Oxholm") is a director of the Company.

15. Defendant Roy L. Harmon ("Harmon") is a director of the Company.

16. Defendant F. Alton Russell ("Russell") is a director of the Company.

17. The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

18. Defendant Parent is a Virginia corporation and maintains its principal executive offices at 5716 High Street, Portsmouth, Virginia 23703. Parent's common stock is traded on the NasdaqGS under the ticker symbol "TOWN."

19. Defendant Merger Sub is a Virginia limited liability company, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

20. Defendant Paragon Bank is a North Carolina banking corporation, a wholly-owned subsidiary of Paragon, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Paragon (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

3

22. This action is properly maintainable as a class action.

23. The Class is so numerous that joinder of all members is impracticable. As of April 26, 2017, there were approximately 5,453,963 shares of Company common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

24. Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

25. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

26. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

27. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

28. Paragon is the parent company of Paragon Bank, which provides a private banking experience to businesses, professionals, executives, entrepreneurs, and other individuals.

29. Founded in Raleigh, North Carolina in 1999, Paragon Bank provides banking

services through highly responsive professionals, an extensive courier service, online and mobile technologies, free worldwide ATM access, and a select number of strategically placed offices in Raleigh, Cary and Charlotte, North Carolina.

30. On April 26, 2017, the Individual Defendants caused the Company to enter into the Merger Agreement with Towne.

31. Pursuant to the terms of the Merger Agreement, shareholders of Paragon will receive 1.7250 shares of Towne common stock for each share of Paragon common stock.

32. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

33. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

34. First, the Proxy Statement omits material information regarding Paragon's financial projections, Towne's financial projections, and the financial analyses performed by the Company's financial advisor, Raymond James & Associates ("Raymond James").

35. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

36. With respect to Paragon's financial projections, the Proxy Statement fails to disclose: (i) the Company's projections for years 2020 through 2022; and (ii) projected free cash

5

flows and the constituent line items.

37. The Proxy Statement fails to disclose Towne's financial projections.

38. With respect to Raymond James's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) Paragon's projected free cash flows and the corresponding definition and line items; (ii) the range of terminal values for Paragon; (iii) calendar year 2022 adjusted net income; (iv) the inputs and assumptions underlying the discount rates ranging from 10.5% to 12.5%; (v) options outstanding; and (vi) the number of diluted Company shares outstanding.

39. With respect to Raymond James's Selected Companies Analysis, the Proxy Statement fails to disclose the individual multiples and financial metrics for the companies observed by Raymond James in the analysis.

40. With respect to Raymond James's Selected Transaction Analysis, the Proxy Statement fails to disclose the individual multiples and financial metrics for the transactions observed by Raymond James in the analysis.

41. The omission of this material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; (ii) Paragon's Reasons for the Merger; Recommendation of Paragon's Board of Directors; (iii) Certain Paragon Unaudited Prospective Financial Information; and (iv) Opinion of Paragon's Financial Advisor.

42. Second, the Proxy Statement omits material information regarding the background of the Proposed Transaction.

43. The Company's stockholders are entitled to an accurate description of the "process" the directors used in coming to their decision to support the Proposed Transaction.

6

44. For example, the Proxy Statement fails to disclose the nature of the contacts by "six [] financial institutions with an interest in completing a strategic transaction with Paragon," including whether such parties submitted indications of interest or proposals to acquire or merge with the Company, as well as the reasons "the Paragon board of directors chose not to pursue any of these potential transactions."

45. The Proxy Statement fails to disclose whether "Bank A" and/or "Bank B" submitted proposals or indications of interest prior to the Individual Defendants' decision to enter into an exclusivity agreement with Towne on February 23, 2017.

46. The Proxy Statement further fails to disclose whether Bank A and/or Bank B contacted Paragon or its representatives at any time subsequent to the Company's entry into the exclusivity agreement with Towne.

47. The omission of this material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; and (ii) Paragon's Reasons for the Merger; Recommendation of Paragon's Board of Directors.

48. Third, the Proxy Statement omits material information regarding potential conflicts of interest of Raymond James.

49. For example, the Proxy Statement fails to disclose whether Raymond James has previously performed services for Towne or its affiliates, and the amount of compensation received by Raymond James for any such services.

50. The Proxy Statement fails to disclose the percentage of Raymond James's transaction fee that is contingent upon the consummation of the Proposed Transaction.

51. The Proxy Statement also fails to disclose the nature of the past services Raymond James provided to Paragon.

52. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

53. The omission of this material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; (ii) Paragon's Reasons for the Merger; Recommendation of Paragon's Board of Directors; and (iii) Opinion of Paragon's Financial Advisor.

54. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to Paragon's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Paragon

55. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

56. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Paragon is liable as the issuer of these statements.

57. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

58. The Individual Defendants were at least negligent in filing the Proxy Statement

with these materially false and misleading statements.

59. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

60. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

61. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

62. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Towne

63. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

64. The Individual Defendants and Towne acted as controlling persons of Paragon within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Paragon and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

65. Each of the Individual Defendants and Towne was provided with or had unlimited

access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

66. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly in the making of the Proxy Statement.

67. Towne also had direct supervisory control over the composition of the Proxy Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Proxy Statement.

68. By virtue of the foregoing, the Individual Defendants and Towne violated Section 20(a) of the 1934 Act.

69. As set forth above, the Individual Defendants and Towne had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in

concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: November 30, 2017

**OF COUNSEL:**

**RIGRODSKY & LONG, P.A.**
2 Righter Parkway, Suite 120
Wilmington, DE 19803
Tel.: (302) 295-5310

**RM LAW, P.C.**
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Tel.: (484) 324-6800

**WARD BLACK LAW**
By: /s/Janet Ward Black
Janet Ward Black
NC Bar No. 12869
Nancy Meyers
NC Bar No. 23339
208 West Wendover Avenue
Greensboro, NC 27401
Tel.: (336) 510-2014
Fax: (336) 510-2181
jwblack@wardblacklaw.com

*Attorneys for Plaintiff*